# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3459

_____

Southern Club Enterprises, Inc.; 250 Central Avenue, LLC

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: September 3, 2013
Filed: September 10, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Southern Club Enterprises, Inc., and 250 Central Avenue, LLC (collectively Southern Club), appeal the order entered after a bench trial, in which the district court found the United States liable for damages to Southern Club's business (caused by a blocked culvert draining water from federal land), but awarded damages in an amount significantly lower than was requested. Southern Club argues that the district

court clearly erred in determining the damages. We remand for reconsideration of one category of the damages calculation.

We hold that the court did not clearly err in reducing the outside remediation expenses by 50% based on its finding that some of the business's embankment had eroded over time. Southern Club's expert testified that he could not determine the depth of the backyard debris which was "freshly disturbed soil," and that his calculation was based in part on speculation. See Gonzalez v. United States, 681 F.3d 949, 952 (8th Cir. 2012) (standard of review); Wilkinson v. United States, 564 F.3d 927, 934 (8th Cir. 2009) (damages are set according to appropriate state law); Minerva Enters., Inc. v. Howlett, 824 S.W.2d 377, 381 (Ark. 1992) (under Arkansas law, burden of proving damages rests on party claiming them). Further, we cannot find that the court clearly erred in reducing the requested damages for the building contents by 87.5%. While the court did not fully explain the extent of the reduction, the court noted that some items appeared to have a salvage value that was not taken into account, and the record did not include evidence of the value of other items immediately before the damage occurred. See id. at 380-81 (when personal property is damaged, owner is entitled to recover difference in fair value immediately before and after damage). Following a careful review of the record, we are not left with a firm and definite conviction that a mistake has been made. See Kingman v. Dillard's, Inc., 721 F.3d 613, 616 (8th Cir. 2013) (under clear-error standard, court will overturn factual finding only if it is not supported by substantial evidence in record, it is based on erroneous view of law, or court is left with definite and firm conviction that error was made).

We agree with Southern Club, however, that the record did not support the 87.5% reduction of the requested amount for building damage. As the court noted, the applicable measure of damages was the reasonable expense of necessary repairs to the property. See Morton v. Park View Apartments, 868 S.W.2d 448, 450 (Ark. 1993). Although the court noted that owner Stacy Roberts had not testified about

how much time or money he had spent making repairs, or the extent of future repairs he intended to make, Southern Club provided an appropriate measure of building damage through the detailed testimony of insurance adjuster Adam Jones, who estimated the flood loss using software widely used in the industry, and the government did not provide an alternative method of estimating the damage. Further, Southern Club should not be penalized for not having the funds to make some of the repairs that were necessary to restore the property to its former state. If the court believes that some reduction in the amount for building damage is appropriate, the court should specify how the requested amount is overstated and why any alternative measure of damages should be used.

Accordingly, we affirm the district court's reduction in the outside remediation and building contents expenses; we reverse the reduction in the building damage expenses; and we remand for further proceedings consistent with this opinion.

_____